

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

September 3, 2019

**Filed on ECF**
Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    United States v. Joseph K. Batts, Cr. 18-215 (MAS)

Dear Judge Shipp:

      The Government respectfully submits this letter to set forth its position that the defendant should not be restrained with leg shackles at trial. The standard for ordering that a defendant be shackled during trial is set forth below. Because the defendant's criminal history is devoid of violent conduct, the present case does not involve allegations of violence, and there is no record of the defendant being disruptive in custody, the Government submits that the standard is not met here and he should not be shackled during trial proceedings.

      Neither district courts nor the United States Marshal Service ("USMS") may adopt a routine policy of shackling defendants or witnesses during trial. *Deck v. Missouri*, 544 U.S. 622, 626 (2005); *United States v. Brantley*, 342 F. App'x 762, 768-69 (3d Cir. 2009) (not selected for publication); *United States v. Salehi*, 187 F. App'x 157, 174 (3d Cir. 2006) (not selected for publication). Rather, defendants can be restrained only in cases where the court finds that the "perils of shackling are unavoidable." *Deck*, 544 U.S. at 632; *see also Sides v. Cherry*, 609 F.3d 576, 581 (3d Cir. 2010) (shackling should be permitted only "where justified by an essential state interest specific to each trial").

      Accordingly, a court must make particularized findings on the record justifying the need to shackle or otherwise physically restrain a defendant. *See Deck*, 544 U.S. at 633; *accord Salehi*, 187 F. App'x. at 173-75; *see also Brantley*, 342 F. App'x at 768 ("[T]he trial judge must make a case specific and individualized assessment of the defendant on trial, taking into account special

security needs or the escape risk of the defendant.").[1] A court may not simply defer to the USMS. *Id.* at 768-69. Rather, a court must make its own findings for the necessity of shackles, including specifics regarding the compelling need for the additional security, the fact that a less restrictive alternative to the security measures does not exist, and that restraining the defendant will not impair his ability to confer with counsel. *See Szuchon v. Lehman*, 273 F.3d 299, 314 (3d Cir. 2001). The factual record which must be created "could come from any proper source, such as the government, the Marshal's Service, the defendant's criminal record, or the Court's observations." *Salehi*, 187 F. App'x at 174; *see, e.g., United States v. Fields*, 483 F.3d 313, 357 (5th Cir. 2007) (citing with approval testimony supplied by USMS regarding need for *pro se* defendant's restraints).

Factors that can be considered in determining whether shackles or other restraints are necessary include:

- history of violent, inappropriate conduct during the proceedings or in the past, *Szuchon*, 273 F.3d at 313-14; *see United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009); *United States v. Brooks*, 125 F.3d 484, 502 (7th Cir. 1997);

- history of disruptive conduct in pre-trial detention or prison, *United States v. Tagliamonte*, 340 F. App'x 73, 80-81 (3d Cir. 2009) (not selected for publication); *United States v. Van Sach*, 458 F.3d 694, 699-700 (7th Cir. 2006); and

- facts that make it likely a defendant will attempt to escape or injure a witness or participant in the proceedings, *United States v. Mahasin*, 442 F.3d 687, 691 (8th Cir. 2006); *United States v. Brazel*, 102 F.3d 1120, 1156-57 (11th Cir. 1997).

The defendant is charged with conspiracy to defraud the United States and aiding and assisting in the preparation of false tax returns—nonviolent offenses. His criminal history includes a conviction in 2000 for possession of marijuana with the intent to distribute and a 2008 conviction for aiding and assisting in the preparation of false tax returns, both nonviolent crimes. While the defendant did have his bail revoked, it was because he persisted in preparing tax returns in violation of his conditions of release, and not the threat of physical danger to society. The USMS has advised the Government that it has no record of the defendant being disruptive in detention. Based on these facts, the Government does not seek an order permitting that the defendant be shackled during the trial proceedings.

So Ordered this 4th day of September, 2019

Hon. Michael Shipp, USDJ

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

By: /s/Cari Fais
Cari Fais
Jihee G. Suh
Assistant United States Attorneys

---

[1] The *Brantley* panel indicated that similar justification was needed for other security measures obvious to the jury, *e.g.*, the placement of Marshals near the defendant while testifying. 342 F. App'x at 768 n.7.

2