

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Special Prosecutions Division*

---

*970 Broad Street, Suite 700*      *(973) 645-6112*
*Newark, NJ  07102*

November 25, 2019

The Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:   *United States v. Joseph Kenny Batts*
           Crim. No. 18-215 (MAS)

Dear Judge Shipp:

Please accept this letter brief in opposition to defendant Joseph Kenny Batts's ("Batts") motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) and in opposition to his motion for a new trial pursuant to Fed. R. Crim. P. 33(a).  The Court should deny Batts's motion for a judgment of acquittal because, by any standard of review—let alone the highly deferential one required by Rule 29—there was very substantial evidence presented at trial to prove the offenses charged beyond a reasonable doubt.  Batts's motion for a new trial also should be denied because the weight of the evidence clearly supports the jury's guilty verdict.

## I.    Background

On April 13, 2018, a grand jury returned an indictment charging Batts with one count of conspiracy to impede, impair, and defeat the lawful functions of the Internal Revenue Service ("IRS") to ascertain, assess, collect, and refund income taxes, in violation of 18 U.S.C. § 371 (Count 1), and five counts of aiding and assisting in the preparation and presentation to the IRS of false federal income tax returns, in violation of 26 U.S.C. § 7206(2) (Counts 2 through 6).  The charges stemmed from Batts's and his co-conspirators' preparation of false federal tax returns for clients at Tax Pro's and Tax Solutions and Associates ("TSA"), and the submission of phony Forms 1098-T to support false education credits that Batts and his co-conspirators claimed on the tax returns.

Trial commenced with jury selection on September 9, 2019. The Government called its first witness on September 11, 2019 and rested on September 16, 2019. After the Government rested, Batts moved for a judgment of acquittal on Counts 1 to 6 in the Indictment. The Court reserved decision on that motion. Thereafter, Batts rested without calling any witnesses. The jury began its deliberations on September 17, 2019 and that same day returned a verdict finding Batts guilty of all counts. After the jury returned the verdict, the Court denied Batts's motion under Rule 29. *See* Trial Transcript ("Tr.") at 923:16-18.

The Government's evidence at trial consisted of testimony by fifteen witnesses[1] and the presentation of various records, including: false federal income tax returns that Batts prepared; a recording of Batts preparing a false federal income tax return for an undercover IRS agent; phony Forms 1098-T filed with the IRS on behalf of Tax Pro's and TSA's clients to support false education credits; phony Forms 1098-T recovered from Batts's computer; artifacts of email correspondence to Batts regarding Forms 1098-T; and summary charts showing the losses to the IRS caused by the false tax returns that Batts prepared and caused to be filed. The summary of the Government's evidence, as contained in the Government's summation, is incorporated herein. Tr. at 818-867.

## II. Batts's Motion for Judgment of Acquittal Should Be Denied Because The Jury's Verdict Was Supported by Substantial Evidence

Batts's motion for a judgement of acquittal was properly denied by this Court and should be denied again. "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high." *United States v. Lore*, 430 F.3d 190, 203-04 (3d Cir. 2005) (quotation omitted). In evaluating a defendant's Rule 29 motion, "a court must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *United States v. Flores*, 454 F.3d 149, 154 (3d Cir. 2006) (quoting *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)). Instead, the Court "must view the evidence and the inferences logically deducible therefrom in the light most favorable to the government," *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1989), and must resolve all credibility issues in the government's favor, *United States v. Scanzello*, 832 F.2d 18, 21 (3d Cir. 1987). The evidence presented at trial, consisting of Batts's clients' testimony, co-conspirators' testimony, corroborative

---

[1] Rather than recount all of the testimony, the Government will focus on the witnesses whose testimony bears most directly on the instant motions.

testimony from other witnesses, IRS records, computer evidence, and the undercover recording, was more than sufficient to sustain the conviction.

Under Rule 29, the Court's inquiry is "limited to determining whether the conclusion chosen by the factfinders was permissible," *United States v. Ashfield*, 735 F.2d 101, 106 (3d Cir. 1984), and the jury's verdict must be upheld as long as "any rational trier of fact could have found proof of guilt [] beyond a reasonable doubt based on the available evidence." *United States v. Claxton*, 685 F.3d 300, 305 (3d Cir. 2012) (quotation omitted). A finding that the evidence was insufficient should "be confined to cases where the prosecution's failure is clear." *Brodie*, 403 F.3d at 133 (quotation omitted).

There was abundant evidence to support the jury's verdict on all six counts of the Indictment.  The Government proved beyond a reasonable doubt each of the following elements of conspiracy:

First:  That two or more persons agreed to defraud the United States;

Second:  That Batts was a party to or member of that agreement;

Third:  That Batts joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together to achieve that objective; that is, that Batts shared a unity of purpose and the intent to achieve a common goal or objective, to defraud the United States; and

Fourth: That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

*See* Tr. at 790-91.

The jury heard from two of Batts's co-conspirators who provided ample evidence to support Count 1.   Damien Askew and Rudolph Sanders, tax preparers at Tax Pro's, testified that they conspired with Batts to prepare and file false federal income tax returns.  Askew testified that Batts taught him to prepare false federal tax returns using fabricated credits for education and childcare, phony deductions, such as charitable contributions, and false Schedule C business losses, and that they continued to prepare false tax returns together until Askew left Tax Pro's in 2015.  Tr. at 308-10; 412-13.

Askew also testified that he and Batts agreed to have Batts's girlfriend, Christine Johnson, create bogus Forms 1098-T to submit to the IRS to conceal the fraudulent nature of the education credits that they included on their clients' tax returns.  Tr. at 349-52.  Askew explained to the jury that he or Batts provided

Johnson with the information that she needed to create the forms, and she emailed the completed forms to the Tax Pro's email address. Tr. at 351-52. Askew was corroborated by the testimony of IRS Special Agent James Mann, who introduced evidence obtained from Batts's workplace computer. Batts's computer contained false Forms 1098-T for various taxpayers as well as evidence of emails sent from "cjohnson570" to the Tax Pro's email account regarding various Forms 1098-T. Tr. at 617-22; 626-31.

Sanders testified that, at Batts's instruction, he prepared tax returns for clients using false deductions and credits to decrease clients' tax liability. Tr. at 517-519. Sanders also testified regarding a specific instance where he witnessed Batts include a false education credit on a client's tax return. Tr. at 520. Sanders testified that he stopped working at Tax Pro's after a heated argument where Batts told Sanders that there was no need to keep Sanders at the office because Sanders was not preparing taxes the way that Batts wanted him to—meaning with false information. Tr. at 524-25.

Batts argues that a judgment of acquittal on Count 1 is required because while the evidence established that Askew and Sanders conspired to defraud the United States, there was insufficient evidence that Batts was a member of that conspiracy. Def. Br. at 4-6. Batts's argument must fail. The testimony of Askew and Sanders, corroborated by the computer evidence as well as the multiple false Forms 1098-T filed on behalf of Tax Pro's clients, prove that Batts was a very active member of the conspiracy charged in Count 1. *See United States v. Carr*, 25 F.3d 1194, 1201 (3d Cir. 1994) (noting that Government can prove defendant's membership in a conspiracy using circumstantial evidence); *United States v. Kapp*, 781 F.2d 1008, 1010 (3d Cir. 1986) ("While the government must establish the elements of conspiracy beyond a reasonable doubt, this can be done entirely through circumstantial evidence.").

There also was overwhelming evidence that Batts was guilty of Counts 2 to 6 of the Indictment, aiding or assisting in the preparation of false federal income tax returns in violation of Title 26, United States Code, Section 7206(2). For those counts, the Government proved beyond a reasonable doubt the following elements:

First: That Batts aided or assisted in, or procured, counseled, or advised the preparation of federal income tax returns which were subsequently filed with the IRS;

Second: That the returns were false or fraudulent as to any material matter;

Third: That Batts did not believe that the returns were true and correct as to those material matters; and

Fourth: That Batts acted willfully.

*See* Tr. at 797.

The Government's witnesses included four clients of Batts (the "taxpayer witnesses"), including the three taxpayers referenced in Counts 2 to 6. Each of the taxpayer witnesses testified that Batts prepared their federal income tax returns, and that the tax returns contained false information that they did not provide to Batts, including education and childcare credits, charitable contributions, and false Schedule C business losses. *See, e.g.,* Tr. at 42-44, 47-50, 55-59, 171-72, 178-79, 181-82, 184-85, 454-56, 460, 465-66, 570-73, 589-91. IRS Revenue Agent Robert Illuzzi testified to the materiality of the false information, and the losses to the IRS as a result of Batts's conduct. *See, e.g.,* Tr. at 744.

In his motion, Batts argues that no rational jury could find that he willfully prepared false tax returns, and that he had no knowledge of the material falsehoods contained in the tax returns. Def. Br. at 7. This position is completely belied by the overwhelming evidence that Batts intentionally included false deductions and credits on his clients' tax returns.

In addition to the taxpayer witnesses' testimony and records (for example, M.C.'s records of her charitable donations, which were thousands of dollars less than the deductions that Batts claimed), the jury heard Batts prepare a false return in real time. IRS Special Agent Breon Brewster, who posed as a Tax Pro's client and recorded Batts preparing a false tax return, testified that Batts included false information on the tax return that Batts prepared for him. This false information included a bogus education credit at Lincoln Technical Institute, the same institution falsely claimed on J.A.'s and J.S.'s tax returns. Tr. at 43, 58-59, 62, 151-52, 571. The jurors heard for themselves as Brewster told Batts that he did not attend college, and then saw the tax return that Batts prepared with the false education credit for Lincoln Technical Institute. This incontrovertible evidence corroborated the taxpayer witnesses' descriptions of Batts's method of including false information on tax returns.

The jury also heard that Batts made efforts to conceal his identity as the preparer of the false tax returns—significant evidence of his consciousness of wrongdoing. Batts's co-conspirators, the taxpayer witnesses, and Brewster all testified that Batts was using other tax preparers' preparer tax identification numbers ("PTIN"), which had the effect of concealing his identity as the person who actually prepared the tax returns. Askew testified that he allowed Batts to continue to use his PTIN to prepare tax returns for Tax Pro's clients, even though he knew that Batts was using the PTIN to prepare false tax returns. Tr. at 342.

In sum, there was abundant evidence to prove Batts guilty of all six counts in the Indictment beyond a reasonable doubt.  The Court, particularly viewing this abundant evidence in the light most favorable to the Government, should deny Batts's motion for a judgment of acquittal.

## III.   Batts's Rule 33 Motion Should be Denied Because the Weight of the Evidence Clearly Supports the Jury's Verdict

Fed. R. Crim. P. 33(a) provides that the district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When evaluating a Rule 33 motion, the district court "does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002).  The authority to grant a new trial pursuant to Rule 33, however, is limited to those instances where the Court "believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted."  *Id.* (quotation omitted).  "Thus, motions for a new trial based on the weight of the evidence are not favored" and should be "granted sparingly and only in exceptional cases." *United States v. Salahuddin*, 765 F.3d 329, 346 (3d Cir. 2014) (quotation omitted).

Batts's motion is based on his claim that the taxpayer witnesses and Batts's co-conspirators all lacked credibility.  Def. Br. at 8-9.  The type of manifest injustice contemplated by Rule 33 cannot be found, however, simply on the basis of the trial judge's determination that certain testimony is incredible, unless the judge, after evaluating the totality of the case, is prepared to answer "no" to the following question: "Am I satisfied that competent, satisfactory and sufficient evidence in this record supports the jury's finding that this defendant is guilty beyond a reasonable doubt?" *United States v. Bell*, 584 F.3d 478, 483 (2d Cir. 2009) (per curiam) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir.1992)). Thus, while the Court may assess the credibility of witnesses in evaluating a defendant's Rule 33 motion, given that the new trial remedy is a sparing one, its application on witness credibility grounds must be limited to truly "exceptional" circumstances, *Salahuddin*, 765 F.3d at 346.  Even where testimony is "patently incredible or defies physical realities" and is therefore rejected by the Court, a defendant is still not necessarily entitled to a new trial.  *Sanchez*, 969 F.2d at 1414; *see also United States v. McCourty*, 562 F.3d 458, 475-76 (2d Cir. 2009).  Moreover, a jury's apparent decision to credit testimony despite impeachment efforts is an important consideration supporting the denial of a Rule 33 motion, like this one, that is based solely on a challenge to witness credibility.  *See United States v. Friedland*, 660 F.2d 919, 931-32 (3d Cir. 1981).

Here, none of the taxpayer witnesses were impeached on any major details, and their testimony could not possibly be characterized as "patently incredible."

*See Sanchez*, 969 F.2d at 1414; *see also United States v. Vas*, 497 Fed. App'x. 203, 206 (3d Cir. 2012) (unpublished) (affirming district court's denial of Rule 33 motion despite minor inconsistencies and weaknesses in Government witnesses' testimony).   Neither did Batts cast doubt on the co-conspirators' testimony that Batts was a charter member of this conspiracy to defraud the IRS.   That was, in part, because Batts's co-conspirators' corroborated one another on this key point and were further corroborated by the other substantial evidence in the case, including records obtained from Batts's own computer and the recording of Batts preparing a false return exactly as his co-conspirators and the taxpayer witnesses described.

The documentary and audio evidence corroborating Askew and Sanders was unimpeachable, and the testimony of Batts's clients cemented the evidence of his fraudulent intent and willfulness.   This evidence leaves no doubt about why the jury properly found Batts guilty on all counts.   There was no manifest injustice here.   Accordingly, Batts's motion for a new trial should be denied.

## IV.    Conclusion

The Government adduced extremely substantial evidence of Batts's guilt on all counts charged in the Indictment.   Thus, the Court should deny his motion for a judgment of acquittal.   Moreover, Batts's challenge to the credibility of his co-conspirators' and the taxpayer witnesses' testimony falls well short of establishing that the verdict was against the weight of the evidence.   Accordingly, Batts's motion for a new trial also should be denied.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

**/s/ Cari Fais**

By:  Cari Fais
      Jihee Suh
      Assistant United States Attorneys

cc:    Mark Davis, Esq.

7