UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

JOSEPH KENNY BATTS

Criminal No. 18-215 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant Joseph Kenny Batts's ("Defendant") April 23, 2020 sentencing memorandum. Defendant argued that "in the absence of a new trial or evidentiary hearing related to the co-conspirators' tax loss amounts, this Court can neither consider the relevant conduct requested by the Government nor make a reasonable estimate of the total tax loss attributable to [Defendant]." (Def.'s Apr. 23, 2020 Correspondence 2.)

The Government responded to Defendant's arguments regarding the appropriate loss amount, asserting "it has met its burden to prove . . . the loss in this case . . . by a preponderance of the evidence" but "would be prepared to present testimony . . . at an evidentiary hearing." (Gov't's Apr. 27, 2020 Correspondence 3.) The Government included several exhibits, each of which summarize a portion of its asserted tax loss.[1]

The Court adjourned the sentencing hearing and ordered Defendant to submit additional briefing regarding the appropriate tax loss and restitution. (Apr. 29, 2020 Text Order, ECF No. 118.) Defendant filed a submission, (Def.'s May 15, 2020 Correspondence), and the

---

[1] Exhibits A and B "summarize[] the loss calculations based on taxpayer interviews and audits conduct by the IRS." (Gov't's Apr. 27 Correspondence 1–2.) Exhibit C "summarizes losses associated with false education credits that were flagged by IRS systems . . . where the taxpayer agreed to an assessment of loss." (*Id.* at 2.) Exhibit D "summarizes the losses . . . based on education credits associated with phony Forms 1098-T that were discovered during the investigation." (*Id.*) Exhibit E, similar to Exhibits A and B, "summarizes the loss calculations based on interviews with taxpayers for whom [Defendant] prepared false tax returns while he was awaiting trial." (*Id.*) Exhibit F includes "a sample of five Forms 1040 for tax year 2010" and "memoranda of interviews with the taxpayers who reported that those federal tax returns contained false information and were prepared by [Defendant]," for the purpose of demonstrating "that the relevant conduct attributable to [Defendant] goes back to the 2010 tax year." (*Id.* at 2–3.)

Government responded, (Gov't's May 22, 2020 Correspondence). The Court has carefully considered the parties' submissions and finds that the Government must provide additional support in favor of its asserted tax loss.

In support of its asserted tax loss, the Government submits summary spreadsheets and states in briefing that the results in the spreadsheets are determined "based on taxpayer interviews" or the taxpayers' agreement to an assessment of loss. (Gov't's Apr. 27, 2020 Correspondence 1–3; *see* Exs. A–C, E to Gov't's Apr. 27, 2020 Correspondence.) The Government, however, does not submit any of the information underlying the data in the spreadsheets—such as the taxpayers' Forms 1040 or memoranda of interviews with taxpayers—aside from the five sample Forms 1040 and interview memoranda, (*see* Ex. F to Gov't's Apr. 27, 2020 Correspondence). The Government also does not submit any sworn statements to explain how the analysis was conducted.[2] The Court finds the Government's submissions lack information necessary for the Court's evaluation of the Government's calculation and its determination of the tax loss.

Accordingly, **IT IS** on this 24th day of September 2020 **ORDERED** that:

1. By **October 8th, 2020**, the Government shall file a supplemental submission in support of its asserted tax loss.

2. By **October 15th, 2020**, Defendant may file a response to the Government's submission for the purpose of showing that the Government does not meet its prima facie burden or producing evidence that the Government's submissions are incomplete or inaccurate.

---

[2] At trial, Agent Illuzzi testified as to how the tax losses were computed for the taxpayers that served as witnesses. (Trial Tr. 705:9–706:18, 707:6–709:6, 709:19–712:2) This computation relied in part on the taxpayers' testimony at trial, (*id.* at 707:8–10, 707:18–25), and no independent investigation was conducted to determine if the taxpayers' testimony was accurate, (*id.* at 749:23–750:4). Agent Illuzzi's testimony also demonstrates a thorough analysis of any credits or deductions the taxpayers may have been entitled to, whether or not they received those credits or deductions in their original tax returns prepared by Defendant. (*Id.* at 709:19–710:6, 715:1–12, 721:12–722:5, 729:6–730:23, 731:8–23, 735:21–736:4.) The Court lacks such information on how the analysis was conducted for the taxpayers listed in the Government's exhibits who did not appear as witnesses at trial.

3. Following the parties' submissions, the Court will determine whether an evidentiary hearing is necessary or set a date for a sentencing hearing.

                                                  **MICHAEL A. SHIPP**
                                                  **UNITED STATES DISTRICT JUDGE**